UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MIRANDA PACCHIANA**<br><br>                 **Plaintiff,**<br><br>vs.<br><br>**ADAM SAVAGE**<br><br>                 **Defendant.** | Case No. 20-cv-5774<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Adam Savage ("Savage"), by and through his attorneys Lavely & Singer Professional Corporation, hereby removes this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Savage states the following:

1. On June 30, 2020, plaintiff commenced an action in the Supreme Court of the State of New York, Westchester County, captioned *Miranda Pacchiana v. Adam Savage*, Index No.: 56673/2020 (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached as **Exhibit 1**, which constitutes all pleadings and process in this action.

2. The State Court Action asserts claims against Savage for personal injury and emotional distress arising out of alleged abuse suffered by Plaintiff in her childhood. Compl. ¶¶ 1-3.

6798-2

3. On July 2, 2020, Savage accepted service of a copy of the Summons and Complaint.

4. Savage contends that Plaintiff's claims are without merit, and notwithstanding, are procedurally improper.

5. Savage has not made any filings in the State Court Action.

6. This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the State Court Action is pending.

7. This Notice of Removal is being filed within thirty days of Savage's receipt of service of the Summons and Complaint in the State Court Action, as required by 28 U.S.C. §1446(b).

8. This Court has original jurisdiction over this action under 28 U.S.C. §1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## DIVERSITY OF CITIZENSHIP

9. According to the Summons in the State Court Action, Plaintiff Miranda Pacchiana lives and is domiciled in Connecticut, with her residence listed as Sandy Hook, CT, thereby making her a citizen of the State of Connecticut for diversity purposes. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state.")

10. Defendant Savage lives and is domiciled in California, with his residence being San Francisco, CA, thereby making him a citizen of the State of California for diversity purposes. *Ibid*.

11.     Plaintiff is a citizen of Connecticut and Defendant is a citizen of California. As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

12.     Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interests and costs, be in excess of $75,000.

13.     Removal is proper where there is "a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Gibson v. Scap*, 960 F. Supp. 2d 373, 378 (D. Conn. 2013) (internal quotations omitted). The amount in controversy is determined "on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

14.     Here, the amount in controversy exceeds the jurisdictional amount. While Plaintiff fails to specify a demand in her Complaint, she alleges that she has "suffered catastrophic and lifelong injuries" as a result of Savage's alleged wrongful conduct. Compl. ¶ 9.

15.     Plaintiff alleges that she "has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, emotional distress, and will be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation" Compl. ¶ 21.  Plaintiff's previous demands well-exceed the jurisdictional limit.

16.     Plaintiff likewise alleges she is "unable to pursue her usual activities and employment, all due to her physical, psychological and emotion injuries and damage she sustained" due to the alleged wrongful conduct of Savage. Compl. ¶ 22. Thus, in addition to purported actual damages, Plaintiff appears to be seeking a lifetime of lost or reduced wages

6798-2

from inability to pursue her chosen profession, as well as general damages for over 40 years of pain and suffering.

17. Plaintiff also seeks exemplary and punitive damages against Savage for each of the three causes of action alleged. Compl. ¶¶ 14, 24, 30.

## **CONCLUSION**

18. Complete diversity exists between Plaintiff, a citizen of Connecticut, and Savage, a citizen of California, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

19. Savage will provide Plaintiff with prompt written notice of the filing of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Westchester, where the State Court Action was originally filed.

WHEREFORE, Savage requests that this action be removed from the Supreme Court of the State of New York, Westchester County, to the United States District Court for the Southern District of New York.

Dated: July 24, 2020
          Los Angeles, California

                Respectfully submitted,

                LAVELY & SINGER PROFESSIONAL CORPORATION

                s/ Andrew B. Brettler
                Andrew B. Brettler (AB2662)
                2049 Century Park East, Suite 2400
                Los Angeles, CA 90067
                (310) 556-3501
                *Attorneys for Defendant*
                *Adam Savage*

6798-2