SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
MIRANDA PACCHIANA,

          *Plaintiff,*
  -against –

ADAM SAVAGE
          *Defendant.*
-------------------------------------------------------------------X

Index No.: __56673__/2020
Plaintiff designates
WESTCHESTER COUNTY
as place of trial.

The basis of venue is
the location where the actual
substance of this claim arose

**SUMMONS**
Plaintiff residence is
21 Gelding Hill Road
**Sandy Hook, CT 06482**

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, WESTCHESTER COUNTY ON** June 30, 2020 **IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
    June 30, 2020

                MERSON LAW, PLLC

             By: _____
                Jordan K. Merson
                Antigone Curis
                Attorneys for Plaintiff
                150 East 58th Street 34th Floor
                New York, New York 10155
                (212) 603-9100

TO:

Lavely & Singer P.C.
Andrew Brettler, Esq.
*Attorneys for Defendant*
2049 Century Park East, Suite 2400
Los Angeles, California 90067

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
MIRANDA PACCHIANA,

                    *Plaintiff,*

      -against –

ADAM SAVAGE

                    *Defendant.*
------------------------------------------------------------------X

Index No.: __56673__ /20

**VERIFIED**
**COMPLAINT**

Plaintiff(s), above named, complaining of the defendant, by **MERSON LAW, PLLC.**, respectfully allege(s):

## NATURE OF THE CLAIM

1. This is a case of plaintiff, Miranda Pacchiana, (hereinafter referred to as "Miranda" or "plaintiff") who was sexually abused as a child by her brother Adam Savage.

2. Beginning in or about 1976 and continuing until approximately 1979, Adam Savage, would repeatedly rape Miranda Pacchiana and force oral sex upon her, and forced Miranda to perform oral sex on him, along with other forms of sexual abuse.

3. Plaintiff was approximately between seven and ten years old and horrified and traumatized by the sexual abuse and assault that her older brother inflicted upon her.

4. At the time of the sexual abuse, Adam Savage was approximately between nine and twelve years old.

5. Adam Savage would prevent Plaintiff from leaving her bed and would anally rape her.

6. Plaintiff brings this lawsuit to recover for the emotional and physical suffering she incurred and to make sure that no other child is forced to suffer the abuse and physical and mental trauma she felt and continues to feel.

## FACTS OF THE CASE

7.   At all times herein mentioned, **ADAM SAVAGE** resided with Plaintiff in Sleepy Hollow, New York.

8.   In or about 1976 and continuing until approximately 1979, **ADAM SAVAGE** exerted his influence and power over Miranda Pacchiana as her older brother and forced her to endure horrific sexual acts after being told to stop repeatedly.

9.   **ADAM SAVAGE** would mask the repeated abuse as games, naming himself "the raping blob." As such, Plaintiff suffered catastrophic and lifelong injuries as a result of defendant's actions.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT
## AS TO ADAM SAVAGE

10.   Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 9., inclusive, with the same force and effect as if herein set forth at length.

11.   Defendant **ADAM SAVAGE's** predatory, abusive, manipulative and unlawful acts against Plaintiff, created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to plaintiff's person, all of which were done intentionally by defendant **ADAM SAVAGE** to plaintiff without plaintiff's consent.

12.   As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will continue to sustain in the future, serious and severe psychological injuries and emotional distress, mental anguish, embarrassment and humiliation.

13.   As a direct and proximate result of the aforementioned assaults, plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

14. By reason of the foregoing, plaintiff is entitled to compensatory damages from defendant **ADAM SAVAGE** in such sums a jury would find fair, just and adequate, and the plaintiff is further entitled to punitive and exemplary damages from defendant **ADAM SAVAGE** in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

15. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

16. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A SECOND CAUSE OF ACTION OF BATTERY AS TO ADAM SAVAGE

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 16., inclusive, with the same force and effect as if hereinafter set forth at length.

18. Beginning in or about 1976 and continuing until approximately 1979, Defendant **ADAM SAVAGE** sexually abused plaintiff by repeatedly raping her, forcing oral sex, and engaging in sexual contact with a child, namely Miranda Pacchiana.

19. Defendant's predatory, sexual, and unlawful acts against Plaintiff, amounted to a series of harmful and offensive contacts to Plaintiff's person all of which were done intentionally by defendant to Plaintiff without Plaintiff's consent.

20. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

21. As a direct and proximate result of the aforementioned batteries, Plaintiff has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering,

emotional distress, and will be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

22. Plaintiff is unable to pursue her usual activities and employment, all due to her physical, psychological, and emotional injuries and damage she sustained due to the aforementioned batteries.

23. By reason of the foregoing, Plaintiff was caused to sustain severe and serious personal injuries, a severe shock to her nervous system, and certain internal injuries, and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that Plaintiff was incapacitated from attending her regular activities, and was caused to expend sums of money for medical care on her behalf.

24. By reason of the foregoing, the Plaintiff, is entitled to compensatory damages from defendant in such sums as a jury would find fair, just, and adequate, and Plaintiff is further entitled to punitive and exemplary damages from defendant in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar conduct.

25. The amount of damages sought exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction.

26. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ADAM SAVAGE

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 26., inclusive, with the same force and effect as if hereinafter set forth at length.

28. Defendant **ADAM SAVAGE** engaged in outrageous conduct towards plaintiff with the intention to cause, or with reckless disregard for the probability of causing, plaintiff to suffer severe emotional distress by sexually assaulting her as a child.

29. As a proximate result of the aforementioned assaults, batteries, and other violations committed against Plaintiff, she has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries, as well as economic losses, all her damage in amounts to be proven at trial.

30. Defendant **ADAM SAVAGE** committed the acts alleged herein maliciously, fraudulently, and oppressively with the wrongful intention of injuring plaintiff from an improper and evil motive amounting to malice and in conscious disregard of plaintiff's rights, entitling plaintiff to recover punitive damages in amounts to be proven at trial.

31. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

32. This action falls within the exceptions to Article 16 of the C.P.L.R.

**WHEREFORE,** plaintiff demands judgement against defendants in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
      June 30, 2020

MERSON LAW, PLLC

By: *Jordan Merson*
Jordan K. Merson
Antigone Curis
Attorneys for Plaintiff
150 East 58th Street 34th Floor
New York, New York 10155
(212) 603-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X          Index No.: __56673__ /20
MIRANDA PACCHIANA,

                           *Plaintiff,*          **ATTORNEY**
      -against–          **VERIFICATION**

ADAM SAVAGE
                           *Defendant.*
-------------------------------------------------------------------X

    ANTIGONE CURIS, an attorney duly admitted to practice in the Courts of New York State, and an Associate of the firm MERSON LAW, PLLC., attorneys for the plaintiffs in the within action, hereby affirms under penalty of perjury:

    That she has read the within complaint and knows the contents thereof, and that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

    That the sources of her information and knowledge are investigations and records in the file.

    That the reason this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County where the attorney has her office.

Dated: New York, New York
       June 30, 2020

                                                        _____
                                                        ANTIGONE CURIS

Index No.                                          Year 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

MIRANDA PACCHIANA,

                                              *Plaintiff,*

                    *- against -*

ADAM SAVAGE

                                              *Defendant.*

---

## SUMMONS AND VERIFIED COMPLAINT

---

Merson Law, PLLC.

*Attorneys for Plaintiff*

*Office and Post Office Address, Telephone*
150 East 58th Street 34th Fl.
New York, New York 10155
(212) 603-9100

---

To:   All Parties

---