UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MIRANDA PACCHIANA**<br><br>       Plaintiff,<br><br>vs.<br><br>**ADAM SAVAGE**<br><br>       Defendant. | Case No. 20-cv-5774<br><br>**DEFENDANT ADAM SAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

  Defendant Adam Savage ("Savage"), by and through his attorneys Lavely & Singer Professional Corporation, hereby responds to Plaintiff Miranda Pacchiana's Complaint as follows:

### Nature of the Claim

  1. With respect to paragraph "1" of the Complaint, Savage admits that he is Plaintiff's brother, but denies all other allegations in paragraph "1".

  2. Deny the truth of the matters contained in paragraph "2" of the Complaint.

  3. With respect to paragraph "3" of the Complaint, Savage admits that Plaintiff was between seven and ten years old during the period of 1976 to 1979, but denies all other allegations in paragraph "3".

  4. With respect to paragraph "4" of the Complaint, Savage admits that he was between nine and twelve years old during the period of 1976 to 1979, but denies all other allegations in paragraph "4".

  5. Deny the truth of the matters contained in paragraph "5" of the Complaint.

6. Deny the truth of the matters contained in paragraph "6" of the Complaint.

## Facts of the Case

7. Admit the truth of the matters contained in paragraph "7" of the Complaint.

8. Deny the truth of the matters contained in paragraph "8" of the Complaint.

9. Deny the truth of the matters contained in paragraph "9" of the Complaint.

## First Cause of Action for Assault

10. Savage incorporates herein the responses to paragraphs "1-9" of the Complaint. Deny the truth of the matters contained in paragraph "10" of the Complaint.

11. Paragraph 11 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "11" of the Complaint.

12. Paragraph 12 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "12" of the Complaint.

13. Paragraph 13 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "13" of the Complaint.

14. Paragraph 14 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "14" of the Complaint.

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "15" of the Complaint.

16. Paragraph 16 of the Complaint contains a legal conclusion to which no response is required.  To the extent any response is required, Savage denies the truth of the matters contained in paragraph "16" of the Complaint.

### Second Cause of Action for Battery

17. Savage incorporates herein the responses to paragraphs "1-16" of the Complaint. Deny the truth of the matters contained in paragraph "17" of the Complaint.

18. Deny the truth of the matters contained in paragraph "18" of the Complaint.

19. Paragraph 19 of the Complaint contains a legal conclusion to which no response is required.  To the extent any response is required, Savage denies the truth of the matters contained in paragraph "19" of the Complaint.

20. Paragraph 20 of the Complaint contains a legal conclusion to which no response is required.  To the extent any response is required, Savage denies the truth of the matters contained in paragraph "20" of the Complaint.

21. Paragraph 21 of the Complaint contains a legal conclusion to which no response is required.  To the extent any response is required, Savage denies the truth of the matters contained in paragraph "21" of the Complaint.

22. Savage lacks sufficient information to admit or deny the allegations in paragraph "22" of the Complaint. To the extent a further response is requires, Savage denies the allegations in paragraph "22" of the Complaint.

23. Savage lacks sufficient information to admit or deny the allegations in paragraph "23" of the Complaint. To the extent a further response is requires, Savage denies the allegations in paragraph "23" of the Complaint.

6798-2

24. Paragraph 24 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "24" of the Complaint.

25. Paragraph 25 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "25" of the Complaint.

26. Paragraph 26 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "26" of the Complaint.

### Third Cause of Action for Intentional Infliction of Emotional Distress

27. Savage incorporates herein the responses to paragraphs "1-26" of the Complaint. Paragraph 27 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "27" of the Complaint.

28. Paragraph 28 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "28" of the Complaint.

29. Paragraph 29 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "29" of the Complaint.

30. Paragraph 30 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "30" of the Complaint.

31. Paragraph 31 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "31" of the Complaint.

32. Paragraph 32 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Savage denies the truth of the matters contained in paragraph "32" of the Complaint.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

(Violation of Due Process)

33. Plaintiff's claims made under the New York Child Victim's Act (NY CPLR § 214-g) ("CVA") deprive Savage of his right of due process under the Fifth and Fourteenth Amendments of the United States Constitution. The CVA is unconstitutional as applied to Savage because Savage was a child a time the alleged tortious acts were committed, and the CVA was only intended to be a response to remedy the injustice caused by adults who commit alleged tortious acts against children.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

34. This action is barred by applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State Claim)

35. Plaintiff has failed to state a cognizable claim upon which relief can be granted.

6798-2

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

36. Plaintiff is estopped from bringing any claims against Savage by virtue of the fact that she waited decades to assert these specious claims.

### FIFTH AFFIRMATIVE DEFENSE

(Laches)

37. Plaintiff's action is barred by the doctrine of laches by virtue of the fact that she waited decades to assert these specious claims.

### SIXTH AFFIRMATIVE DEFENSE

(Consent)

38. To the extent the parties engaged in any conduct as described in the Complaint, Plaintiff consented to the acts alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

39. The alleged harms sustained by Plaintiff, if any, are the result of Plaintiff's own acts and admissions.

### EIGHTH AFFIRMATIVE DEFENSE

(Lack of Capacity)

40. Savage was a child between the ages of 9 and 12 when the alleged acts complained of herein occurred, and accordingly lacked the legal capacity to engage in any alleged tortious conduct.

6798-2

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

41. Plaintiff has waived any and all claims that she may have against Savage.

**WHEREFORE**, Savage requests that the Court dismiss the complaint and enter judgment in favor of Defendant. Should the case proceed, Defendant hereby demands a trial by jury.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury in this action of all issues so triable.

Dated: July 24, 2020
Los Angeles, California

    Respectfully submitted,

    LAVELY & SINGER PROFESSIONAL CORPORATION

    s/ Andrew B. Brettler
    Andrew B. Brettler (AB2662)
    2049 Century Park East, Suite 2400
    Los Angeles, CA 90067
    (310) 556-3501
    *Attorneys for Defendant*
    *Adam Savage*