**From:** **Andrew Brettler** abrettler@lavelysinger.com
**Subject:** Re: Pacchiana vs. Savage
**Date:** November 17, 2020 at 12:55 PM
**To:** Antigone Curis acuris@mersonlaw.com
**Cc:** Martin Hirshland mhirshland@lavelysinger.com



Antigone:

We're in receipt of the discovery requests and notice of deposition that you served by email earlier today.  Before any documents can be produced or any depositions scheduled in this action, we will need a protective order governing the disclosure of documents and testimony.  In that regard, we prepared the attached draft stipulation and protective order based on the S.D.N.Y.'s model stipulated protective order found on the Court's website.  If it is acceptable, please sign and return the document to me; I'll then arrange to have it filed electronically and submitted to the magistrate judge for approval.

Separately, we should meet and confer about scheduling Mr. Savage's and your client's respective depositions for mutually convenient dates and times.  Notwithstanding the deposition notice you served today, until further notice, presumably all depositions in the case will be conducted remotely, in light of the pandemic and travel restrictions in place.

If you have any questions, please contact me.

Sincerely,

_____

**ANDREW B. BRETTLER**
LAVELY & SINGER

PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone: (310) 556-3501
Mobile: (917) 620-2726

Facsimile: (310) 556-3615

E-Mail: abrettler@lavelysinger.com

Website: www.lavelysinger.com

_____



DRAFT Confid...er.docx

> On Nov 17, 2020, at 8:16 AM, Grace Choi <gchoi@mersonlaw.com> wrote:
>
> Dear Counselor,
>
> Enclosed, please see courtesy copy of plaintiff's notice of ebt and plaintiff's request for production of documents.
> If you have any questions, kindly please reach out to the handling attorney Antigone Curis at acuris@mersonlaw.com
> Thank you for your attention to this matter.
>
> Sincerely,
> Grace Choi, Paralegal
> MERSON LAW, PLLC
> 950 Third Avenue, 18th Floor
> New York, New York 10022
>
> Tel: 212-603-9100
>
> Fax: 347-441-4171
> <savage notice of ebt.pdf><savage doc requests.pdf>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRANDA PACCHIANA,

                    Plaintiff,

  against

ADAM SAVAGE,

                    Defendant.

CASE NO.: 20 Civ. 5774 (KMK) (PED)

**CONFIDENTIALITY STIPULATION
AND [PROPOSED] PROTECTIVE ORDER**

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.    The requesting party and counsel;

        b.    Employees of such counsel assigned to and necessary to assist in the litigation;

1

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

 5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

 6. All deposition testimony, including oral testimony, deposition transcripts, deposition videos, and the information contained therein, shall initially be treated as Confidential and be included within the terms of this Protective Order without the necessity of so designating the testimony.  Upon transcription of the deposition testimony, Counsel for the deposed party shall have ten (10) days after receipt of the transcript to notify the deposition reporter and Counsel for the other party, in writing, of the portions of the transcript to be designated as "Confidential."  In addition, deposition testimony may be designated as "Confidential" during the deposition by making a statement to that effect on the record.  In that case, the transcript of the designated testimony shall be stamped "CONFIDENTIAL" by the deposition reporter on the pages so designated.  The designating Party may also direct that the Confidential portion of the testimony be bound in a separate volume marked "CONFIDENTIAL."  Designating any portion of deposition testimony as "Confidential" during the deposition shall not preclude a Party from thereafter designating additional testimony as "Confidential" by serving written notice in accordance with the above method.

 7. Regardless of whether deposition testimony is designated as "Confidential," the deposition transcripts, video and audio recordings (if any), created in connection with the deposition, shall not be disclosed, disseminated or otherwise released directly or indirectly to the media, including, without limitation, to any of the following: news outlets, journalists, media organizations, newspapers, periodicals, magazines, publishers, publications, televisions stations, radio stations, tabloids, Internet service providers, databases, blogs, Internet social networks, podcasts, internet publications, and/or any other person or enterprise involved in the print, wire, Internet or electronic media. Notwithstanding anything to the contrary set forth herein, this Order expressly prohibits the public disclosure of any and all deposition testimony, in any format (e.g., written transcript, videotape, audio tape, digital recording, etc.) unless and until such testimony has been introduced into evidence at trial.

8. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated:  November __ ,2020                     MERSON LAW, PLLC

                                                                                                         _____
                                                                                                          Antigone Curis
950 Third Avenue, 18th Floor
New York, NY 10022
Telephone: (212) 603-9100
Facsimile: (347) 441-4171
Email: acuris@mersonlaw.com
*Counsel for Miranda Pacchiana*

Dated:  November __, 2020                     LAVELY & SINGER, P.C.

                                      _____
Andrew B. Brettler (AB2662)
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-3501
Facsimile:  (310) 556-3515
Email: abrettler@lavelysinger.com
*Counsel for Adam Savage*

Dated: New York, New York
            _____, 2020

                                                                                     SO ORDERED.

                                                                                   _____
                                                                                  PAUL E. DAVISON
                                                                                  United States Magistrate Judge

5

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)

5