

**Merson Law, PLLC**

950 Third Avenue, 18th Floor
New York, NY 10022
212-603-9100
Facsimile 347-441-4171
www.mersonlaw.com
Please mail all correspondence to NY office

**Merson Law, PLLC**

Pennsylvania Office
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

November 23, 2020

<u>VIA ECF</u>

Honorable Paul E. Davison, U.S.M.J.
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: Pacchiana v. Savage, S.D.N.Y. Case No. 20-cv-5774-KMK-PED**

Dear Judge Davison:

We represent the plaintiff Miranda Pacchiana, in the above-referenced action. This letter is in response to defendant Adam Savage counsel's letter dated November 19, 2020 requesting a confidentiality and protective order be entered in this case.

Defense counsel has failed to articulate the requisite detail and specifics necessary to warrant entering a confidentiality and protective order.  These orders are not entered into as a matter of course, but when there is a need for one.   In defendant's letter to the Court, he claims that a confidentiality and protective order is needed due to "the sensitive subject matter of this dispute, the anticipated production of medical records and testimony about those records, and the level of media interest this lawsuit has received."  (*See* dfndt. ltr at p. 1). The only documents specified that require this order per defense counsel are medical records, but we believe these are plaintiff's records and all medical records are required to be kept confidential anyway pursuant to HIPAA.

This Court has held that such sweeping protective orders even in cases that have attracted more than the usual amount of media attention do not warrant such action. *See* Koster v. Chase Manhattan Bank,  93 F.R.D. 471 (S.D.N.Y. February 1, 1982).

Indeed, plaintiff repeatedly tried to resolve this issue in good faith by asking defendant: "If you let us know what documents need to be protected, we will be happy to discuss them with you to avoid burdening the court.  We are not going to agree to a blanket protective order

without specifics about what documents you think need confidentiality." Defense counsel refused to answer.

Instead of responding substantively, incredibly, defense counsel represented to this Court, as follows:

> Nevertheless, plaintiff refuses to agree to the entry of such an order yet has failed to articulate a valid or compelling reason in support of that position. Rather than providing specific objections to the proposed order, plaintiff's counsel responded in a November 18, 2020 email that "this [agreeing to a protective order] is not something we typically do here."

Defense counsel did not include for the Court the rest of the communications wherein plaintiff explicitly asked what documents specifically needed protection.. However, as opposed to specifying which documents defendant sought to be deemed confidential, he responded that, "they will move accordingly" (email correspondence attached hereto as "Exhibit 1"). Plaintiff will leave to the Court to determine the appropriate remedy for defense counsel's representations.

Defendant asserts that they are not requesting exceptional relief. However, that is exactly what they are seeking. Cloaking as a matter of public import is not an appropriate request for a sweeping protective order. Indeed, this case is brought pursuant to the Child Victims Act, which has the express purpose of protecting the public from child sex abusers. See Doe v. Lynch, Index No. EFCA2019-002217,

> "Aesop, the Greek fabulist and storyteller, is credited with having said the oft-repeated aphorism that "the injuries we do and those we suffer are seldom weighed in the same scales." That principle applies here, where the legislature has codified specific protections for alleged victims of sexual assault that do not apply to alleged perpetrators of that abuse. While that principle may be viewed by the defendant as unfair, it nonetheless is the state of the law by which this court is bound. Defendant overlooks the logic that underlies the present state of the law. To be sure, it has long been held that victims of sexual assault stand in an inimitable position. The fortification sought by plaintiff here represents but one, carefully curated, protection that alleged victims of sexual assault can avail themselves of."

At this time, there is no reason whatsoever for a confidentiality and protective order to be entered in this case. It would be contrary to the express purpose that the New York Legislature passed the CVA. If there are certain documents that need to be protected, defendant can engage plaintiff and counsel will discuss it in good faith. We appreciate your Honor's time and attention to this matter.

Respectfully,

*Jordan Merson*
Jordan K. Merson